# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DARREN THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1673 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of coram nobis. The petition will be denied.

### Background

On July 23, 1992, petitioner was charged with distribution of heroin. United States v. Thomas, 4:92CR199 JCH (E.D. Mo). On May 17, 1993, the Court found petitioner to be indigent and appointed the Federal Defender to represent him in the matter. Id. Subsequently, Assistant Federal Defender Michael Dwyer acted as petitioner's attorney.

On June 24, 1993, petitioner filed a "Motion to Disqualify Attorney with the Request for New Attorney." In his motion, petitioner stated that he disagreed with Dwyer's strategy; he further stated, in a conclusory manner, that Dwyer's performance

was below that of a reasonable attorney. Petitioner failed to identify in the motion any specific action that Dwyer should have taken but did not.

On August 13, 1993, the Court granted petitioner's request to withdraw Dwyer as counsel for petitioner. However, the Court kept Dwyer available as standby counsel. On the same day, the Court scheduled petitioner's trial for September 13, 1993.

On September 13, 1993, petitioner, proceeding pro se along with standby counsel, entered pleas of guilty to all counts of the indictment.

In 1998, petitioner was convicted of operating a large-scale heroin distribution operation. United States v. Frazier, 280 F.3d 835, 841 (8th Cir. 2002). Petitioner alleges that, as a result of his 1993 conviction, his 1998 sentence was enhanced under 21 U.S.C. §§ 841, 851. Petitioner is currently serving a 480 month term of imprisonment on the 1998 conviction.

Petitioner filed the instant petition for writ of coram nobis on September 17, 2007. Petitioner argues that the 1993 conviction is invalid because he was denied his right to counsel. Specifically, petitioner states that he did not wish to proceed pro se in that case; that is, petitioner wanted the Court to withdraw Dwyer and appoint new counsel for petitioner. Petitioner says that in giving petitioner the choice between

proceeding with Dwyer or proceeding pro se, the Court denied him his Sixth Amendment right to an attorney.

## Discussion

Coram nobis is an "extraordinary remedy" and is not intended to be a substitute for § 2255 proceedings. See United States v. Morgan, 346 U.S. 502, 511 (1954). In coram nobis proceedings, "[i]t is presumed the [underlying] proceedings were correct and the burden rests on the accused to show otherwise." Id. at 512.

"A criminal defendant does not have the absolute right to counsel of his own choosing. Furthermore, an indigent defendant has no right to demand of a court that a particular attorney, or particular attorneys, be appointed to represent him. Instead, substitution of counsel is a matter committed to the sound discretion of the trial court." United States v. Espino, 317 F.3d 788, 798 -799 (8th Cir. 2003) (citations and quotations omitted).

The claims in the instant petition could have been raised on direct appeal in a § 2255 motion. Petitioner says that he did not do so because he was ignorant of the law. That petitioner was ignorant of the law, however, is not a justifiable excuse for failing to use the proper procedural mechanisms for correcting alleged judicial error. As a result, petitioner is not entitled to a writ of coram nobis.

Additionally, petitioner has failed to overcome the presumption that the underlying proceedings were correct. In the underlying case, petitioner failed to show that his request for a new attorney was justifiable. The allegations in the motion to substitute were vague and conclusory. As a result, petitioner has failed to show that he was denied a fundamental right, and the petition will be denied without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of coram nobis is **DENIED**.

A Judgment shall be filed with this Memorandum and Order.

Dated this 28th Day of May, 2008.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE
